IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **CA. NO.: 4:13-1118-MGL** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| FOODMAN, HUNTER, & KARRES, PLLC, | ) | |
| AND JAMES SURANE, INDIVIDUALLY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Foodman, Hunter, & Karres, PLLC and James W. Surane's (collectively "Defendants") motion to dismiss Plaintiff Owen Loan Servicing, LLC's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12 (b). (ECF No. 12). Alternatively, Defendants move for a change of venue to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1404. *Id.* Plaintiff opposes Defendants' motion. Having considered the motion and responses filed, the arguments of the parties, and the applicable law, the court denies the motion to dismiss and grants the motion for a change of a venue to the United States District Court for the Western District of North Carolina.

## I. BACKGROUND

Plaintiff filed this diversity action against Defendants Foodman, Hunter, & Caraways, PLLC ("Defendant Foodman") and James W. Surane ("Defendant Surane"), individually on April 25, 2013. Plaintiff is a Delaware corporation with its principal place of business in Pennsylvania. (ECF No. 1 ¶ 1). Defendant Foodman is a professional limited liability

1

company organized under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina. and Defendant Surane is a resident of North Carolina.  (ECF No. 1 ¶¶ 2,3).

Plaintiff alleges that on August 31, 1999, Dorothea and James Estes ("the Estes") executed a mortgage "in favor of 'Parkway Mortgage a Division of Midland National Life Insurance Company its Successors or Assigns ATIMA' securing a note . . . in the amount of $145,000 and encumbering the property known as 3507 Burris Street, North Myrtle Beach, South Carolina 29582."  (ECF No. 1 ¶ 7).[1]  Plaintiff further alleges that "James W. Surane of Foodman, Surane, Hunter, Presnell, & Karres, PLLC . . . agreed to close the loan" and that "Surane was provided specific closing instructions . . . which served as an unintegrated agreement setting forth some of Surane's most important duties as the closing agent."  (ECF No. 1 ¶¶ 8, 10).  Plaintiff asserts that the closing instructions mandated that Defendant Surane record all necessary documents and return them to the lender in a timely manner as well as "provide written evidence that a binding mortgagee's policy of title insurance . . . is or will be in force and effect as of the date of closing."  (ECF No. 1, ¶ 11).

The Estes loan was transferred to the Federal Home Loan Mortgage Corporation ("Freddie Mac") and is currently serviced by Plaintiff.  (ECF No. 1, ¶ 14).  The Estes missed their May 1, 2010, payment and Plaintiff referred the loan to foreclosure.  (ECF No. 1 ¶ 15).  On August 6, 2010, Plaintiff's "foreclosure counsel obtained a title search for the Property, and the search revealed that the Mortgage was never recorded."  (ECF No. 1, ¶ 16).  On April 25, 2013, Plaintiff filed the instant action seeking damages on state law claims for

---

[1]The Estes are not a party to this action.

breach of contract, negligence, and professional negligence. (ECF No. 1 ¶¶ 7, 22).

On June 10, 2013, Defendants moved for dismissal pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b) for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. Alternatively, Defendants move pursuant to 28 U.S.C. § 1404(a) for a change of venue from this district to the Western District of North Carolina. The court heard arguments on Defendants' motion to dismiss on December 9, 2013.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss for Lack of Personal Jurisdiction pursuant to FRCP 12(b)(2)

Defendants submit that this matter should be dismissed because the court may not assert personal jurisdiction over them.

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that grounds for jurisdiction exist. *See In re Celotex Corp.,* 124 F.3d 619, 628 (4th Cir.1997). The jurisdictional question "is one for the judge," and the plaintiff must "prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Labs. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993).

> If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. But when . . . the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

*Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). Personal jurisdiction over an out-of-

state defendant may be either general or specific.

## 1. General Jurisdiction

South Carolina Code Annotated § 36–2–802 authorizes general jurisdiction over persons who do business or maintain a principal place of business in the forum state. *See* S.C.Code Ann. § 36–2–802 (2009). As such, general jurisdiction arises from a party's continuous and systematic activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). These activities must be "so substantial and of such a nature as to justify suit against [the defendants] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). General jurisdiction is proper where the defendant has purposefully "availed himself of the privilege of conducting business [in the forum state]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Here, Plaintiff has not set forth a showing of "continuous and systematic" contacts by Defendants. There is no allegation in the complaint that either Defendant Foodman or Defendant Surane maintains a principal place of business in South Carolina. Additionally, at the time of the underlying real estate closing, Defendant Foodman did less than two percent of its business in South Carolina and Defendant Surane was not licensed in South Carolina. Therefore, the court may not exercise general jurisdiction over Defendants.

## 2. Specific Jurisdiction

A court may exercise specific jurisdiction when "the out-of-state defendant engage[s] in some activity purposely aimed toward the forum state and . . . the cause of action arise[s] directly from that activity." *ESAB Group, Inc. v. Centricut, LLC*, 34 F.Supp.2d 323, 331–32

(D.S.C.1999); *see* S.C.Code Ann. § 36–2–803.  Minimal, isolated, or unsolicited contacts, however, do not give rise to the required purposeful connection between an out- of-state defendant and the forum state.  *Umbro USA, Inc. v. Goner*, 825 F.Supp. 738, 741 (D.S.C.1993).

In determining whether personal jurisdiction exists over a non-resident defendant, the court must perform a two-step analysis.  The court must first determine whether the South Carolina (forum state) long-arm statute provides a basis for asserting jurisdiction over the defendant.  *See Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir.1997).  Then, the court must determine that the exercise of personal jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 317 (4th Cir. 2000).  Under South Carolina's long-arm statute, personal jurisdiction may be based on conduct in South Carolina including, but not limited to, the commission of a tortious act in whole or in part in South Carolina.  *See* S.C.Code Ann. § 36–2–803.  South Carolina's long-arm statute has been construed to extend to the outer limits allowed by the Due Process Clause.  *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir.2002).  "Because South Carolina treats its long-arm statute as coextensive with the Due Process Clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process."  *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).

The Due Process Clause is satisfied for personal jurisdiction purposes if a defendant has purposefully availed itself of the privilege of conducting business in the forum state and the defendant has "certain minimum contacts" with the forum state, such that "maintenance

5

of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.* at 316.  If a cause of action arises out of or relates to a defendant's contacts with the forum state, the court can exercise specific jurisdiction.  A defendant has minimum contacts with a jurisdiction sufficient to subject it to specific jurisdiction in the forum state if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.*" World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Further, "[i]t is well established that a single act can support jurisdiction if that act has a 'substantial connection' with the forum and gives rise to, or figures prominently in, the cause of action under consideration." *Campbell v. Johnson & Towers, Inc.*, 123 F.Supp.2d 329, 335 (D.S.C. 1999).

At the December 9, 2013 hearing, Defendants' counsel conceded that sufficient minimum contacts existed such that Defendants were subject to jurisdiction under South Carolina's Long Arm Statue.  However, Defendants argued that the exercise of such jurisdiction would violate Defendants' due process rights by offending traditional notions of fair play and substantial justice.

In order to determine whether or not the exercise of specific personal jurisdiction comports with due process, the Fourth Circuit Court of Appeals has set forth a three-part test in which it considers:

(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State;

(2) whether the plaintiff's' claims arise out of these activities directed at the state; and

(3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

*Consulting Engineers*, 562 F.3d at 277-278; *ESAB Group Inc. v. Centricut, Inc.*, 126 F.3d 617,623 (4th Cir. 1997). After reviewing these factors, the court finds that exercising personal jurisdiction on the basis of specific jurisdiction does not violate Defendants' due process rights. First, the closing of the loan at issue in this case required Defendants to purposefully avail themselves to the privilege of conducting business under the laws of South Carolina. Further, Defendant Foodman has admitted to providing legal services in South Carolina during the time period at issue in this matter. Second**,** Plaintiff's claims arise directly out of Defendants' failure to comply with their contractual and professional obligations to properly close the loan on property located in South Carolina. Third, the exercise of personal jurisdiction is constitutionally reasonable under the factors outlined by the Fourth Circuit Court of Appeals in *Consulting Engineers Corporation*.

In *Consulting Engineers Corporation*, the court listed the following factors to consider:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

561 F.3d 273,279 (4th Cir. 2009). Upon review, the court finds that the burden on Defendants of litigating in South Carolina is minimal. Defendant Foodman admitted it practices law in South Carolina and the distance for Defendants to travel to South Carolina to litigate this matter is negligible. Next, South Carolina has an interest in the regulation of attorneys conduct and competency who undertake to practice in South Carolina. South Carolina also has an interest in discouraging injuries that occur within the state. Finally, South Carolina has a substantial interest in cooperating with other states to provide a forum

for efficiently litigating plaintiff's cause of action.  Accordingly, the court finds that it is

constitutionally reasonable to exercise personal jurisdiction over Defendants.

**B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

Defendants argue that this court lacks subject-matter jurisdiction over Plaintiff's

claim pursuant to the South Carolina Door Closing Statute.  S.C. Code Annotated § 15-5-

150  (2005). The South Carolina Door Closing Statute states:

> An action against a corporation created by or under the laws of any other
> state, government or country may be brought in circuit court:
>
> (1) By any resident of this state for any cause of action; or
> (2) By a plaintiff not a resident of this State when the cause of action shall
> have arisen or subject of the action shall be situated within the State.

*Id.*  Defendants assert that Plaintiff has not alleged that Defendants committed any act

within the State of South Carolina.  Defendants further assert that because Plaintiff is a

non-resident filing an action against non-resident Defendants for alleged negligent actions

that occurred in another state, that the South Carolina Door Closing Statute requires

dismissal of all claims that did not arise in South Carolina.

Plaintiff contends that pursuant to Defendants' agreement and under South Carolina

law regarding professional closing duties, Defendants were required to take two key steps

in South Carolina—conduct a title search and record the title and the mortgage.  Plaintiff's

assert that Defendants failed to complete these two key steps.  Plaintiff argues that

Defendants cannot evade dismissal under South Carolina's Door Closing Statute based

upon their failure to provide required real estate closing services.

Determining whether or not  the South Carolina Door Closing Statute precludes this

court from considering this action depends on a fact-sensitive analysis.  *Tuttle Dozer Work,*

*Inc. v. Gyro-Trac (USA), Inc.*, 463 F. Supp.2d 544, 551 (D.S.C. 2006). "When a contract is involved, the question for purposes of the South Carolina Door Closing statute is whether the contract was made or was to be performed in South Carolina". *Id. at 551.* In the instant action, the court is unable to discern from the current record whether or not the South Carolina Door Closing Statute precludes Plaintiff's causes of action. As such, the court declines at this early stage of the proceedings to dismiss this action based on the South Carolina Door Closing statute. For present purposes, Defendants' motion to dismiss based on the South Carolina Door Closing Statute is denied without prejudice. The court next considers Defendants' motion to dismiss due to improper venue, or in the alternative to transfer this case for improper venue.

### C. Motion to Dismiss due to Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3)

Defendants move to dismiss this action due to improper venue under Federal Rule of Civil Procedure 12(b)(3). When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. *See Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F.Supp.2d 688 (D.S.C.2007) (plaintiff bears the burden of establishing venue). A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

9

Defendants argue that venue is improper in South Carolina because Defendants do not reside in South Carolina and most of the substantial acts giving rise to Plaintiff's causes of action did not occur in South Carolina.  In the alternative, Defendants ask the court to transfer this matter to the Western District of North Carolina.  Plaintiff asserts that venue is proper in South Carolina because Defendants failed to take reasonable measures to properly close the Estes' loan for property located in South Carolina.  Specifically, Plaintiff argues that Defendants' failure to file the mortgage and failure to obtain title insurance caused Plaintiff's injuries.  Plaintiff further argues its injuries and its causes of actions arose in South Carolina.

After careful consideration and based on the contacts described in connection with the court's finding that sufficient minimum contacts exist, the court concludes that a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in South Carolina.  Therefore, South Carolina is a proper venue for this lawsuit.

## D.  Motion under 28 U.S.C. § 1404(a) to Transfer Venue

In the alternative, Defendants ask the court to transfer venue to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a) which provides that a case may be transferred if it is originally filed in a proper venue, but there exists an additional appropriate venue that would better serve the "interest of justice."  A "district court has broad discretion to grant or deny a motion to transfer to another district."  *Landers v. Dawson Constr. Plant, Ltd.*, Nos. 98–2709, 98–2763, 1999 WL 991419, at *2 (4th Cir. Nov. 2, 1999) (per curiam).  "Therefore, a district court's ruling on a motion to transfer will be reversed only for a clear abuse of discretion."  *Id.*

Ordinarily, a plaintiff's choice of forum will not be disturbed lightly.  *Sw. Equip., Inc.*

*v. Stoner & Co.*, C.A. No. 6:10–1765–HMH, 2010 WL 4484012, at *2 (D.S.C. Nov.1, 2010).

As a result, in considering a change of venue, "a district court is required to weigh the

factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's

choice of forum should rarely be disturbed.'"  *Collins v. Straight, Inc.*, 748 F.2d 916, 921

(4th Cir.1984) (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)) (alteration in original).

When venue is challenged, the plaintiff has the burden of proving venue is proper.  *See*

*Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 925 F.Supp. 411, 413 (D.S.C.1996).

> In deciding a motion to transfer, the following factors are commonly considered:
>
> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*Sw. Equip., Inc.*, 2010 WL 4484012, at *4 (*citing Landers*, Nos. 98–2709, 98–2763, 201

F.3d 436 (unpublished table decision)).

## 1. Ease of Access to the Sources of Proof

Although access to the sources of proof would not be difficult if this case remained

in South Carolina, all sources of proof are located in North Carolina.  Plaintiff filed this

action against Defendants alleging Defendants were negligent in performing a real estate

closing.  The basis for this action arises out of legal services performed by Defendants in

North Carolina.  Any records for these legal services would be located in North Carolina.

As such the ease of access to the sources of proof favors transferring venue to North

Carolina.

## 2. Convenience of the Parties and Witnesses

Plaintiff is a Delaware corporation.  Plaintiff has not identified any witnesses that will

have to travel.  Defendant Surane is a North Carolina resident and Defendant Foodman is a North Carolina corporation.  Thus, their witnesses, if any, are most probably located in North Carolina.  Upon review, the court finds that the convenience of the witnesses favors transfer.

In addition to examining the convenience of the witnesses, the court also examines the convenience of the parties.  Plaintiff has chosen to bring this action in South Carolina. However, Plaintiff does not maintain an office in South Carolina or North Carolina, thus there is no prejudice to Plaintiff if this matter is transferred to North Carolina.  Plaintiff will be able to get its employees to attend necessary hearings, depositions and trial whether this matter is held in South Carolina or North Carolina.  Additionally, the court notes that Plaintiff's counsel is from North Carolina.  Thus, it appears more convenient for Plaintiff's counsel for this action to be heard in North Carolina.  The court recognizes that both parties may experience some degree of inconvenience regardless of whether the case remains in South Carolina or is transferred to North Carolina.  Therefore, this factor weighs in favor of transfer.

### 3.  Cost of Obtaining the Attendance of Witnesses

For same reasons the court found that transfer to North Carolina is more convenient to the parties and witnesses, cost of attendance of the witnesses would likewise favor transfer.

### 4.  Availability of Compulsory Process

Regardless of the district in which this matter proceeds, both Plaintiff and Defendants will be able to get their employees to attend necessary depositions, trial and hearings.  At the present time, neither party has indicated that it has third-party witnesses

who will be required to attend judicial proceedings.  As such, the court finds that this factor weighs in favor of transferring the case.

### 5. Possibility of a View by a Jury

This factor does not favor one venue over the other.  The South Carolina property that was the subject of the underlying loan is not an issue in the case.

### 6.  Interest of Having Local Controversies decided at Home

The loan that was not recorded and the title insurance that was not obtained was for property in South Carolina.  The court finds that South Carolina has a substantial interest in presiding over this controversy.   As such this factor does not weigh in favor of transferring venue.

### 7. Interest of Justice

"Under § 1404(a), the Court must consider the 'interest of justice' in determining whether to transfer venue.  The interest of justice encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Mullins v. Equifax Information Services, LLC, et al.*, No. 3:05CV888, 2006 U.S. Dist. LEXIS 24650, at *26, 2006 WL 1214024 (E.D.Va.2006) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)).  "Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity."  *Mullins*, No. 3:05CV888, 2006 U.S. Dist. LEXIS 24650, at *26, 2006 WL 1214024.

"When determining whether a fair proceeding requires a transfer of venue, courts often consider docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.*  In the instant case, the court finds

13

most of the considerations of the interest of justice to be neutral.

Upon review, the court finds that the balance of factors weighs in favor of transferring this case to the United States District Court for the Western District of North Carolina. The court has considered Plaintiff's choice of venue and that the local interest factor favors retention of the case in South Carolina. However, in balancing the relative convenience and fairness of the two districts, the court finds that convenience of the witnesses and parties as well as costs of obtaining witnesses favor transfer to the Western District of North Carolina. Accordingly, the court grants Defendants' motion to transfer venue to the Western District of North Carolina.

## III. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss and/or transfer venue. (ECF No. 12). This case is transferred to the United States District Court for the Western District of North Carolina.

IT IS SO ORDERED.


<u>/s/Mary G. Lewis</u>
United States District Judge

Florence, South Carolina
December 18, 2013

14